ARMSTRONG, Judge.
Insurance company defendant appeals from a judgment holding it solidarily liable as the insurer of another named defendant. The insurance company contends that the judgment as to them should be reversed because the plaintiffs failed to introduce at trial any evidence establishing insurance coverage. We disagree, and we affirm.
The appellees, Ronald A. Newman and Rebekeh Newman, sustained injuries while stopped in traffic when they were rear-ended by a car driven by Gladue J. Istre, a deputy sheriff with the St. Bernard Parish Sheriff’s Office. Istre was on duty at the time of the accident and was driving a car owned by the St. Bernard Parish Sheriff’s Office. The Newmans sued Istre, the St. Bernard Parish Sheriff's Office, and the U.S. Fire Insurance Company (“U.S.”) for injuries caused by the collision.
After trial by jury, a judgment was rendered in favor of the Newmans, and against the St. Bernard Parish Sheriff’s Office and U.S. in the amount of $203,-880.00 exclusive of legal interest and costs.[1] In this appeal, U.S. contends that the judgment as to them should be reversed because the Newmans failed to introduce evidence at trial to establish insurance coverage.
It is true that no insurance policy, and no testimony regarding insurance coverage, was introduced at trial. However, the Newmans did introduce, without objection by counsel for the defendants, a copy of the accident report.[2] That report lists U.S. as the automobile insurer of the St. Bernard Parish Sheriff’s Office. Accordingly, we fail to see why U.S. contends that no evidence regarding insurance was admitted at trial. Of course, this was perhaps not the ideal way to prove insurance coverage. Nevertheless, it is sufficient to sustain the judgment under the circumstances of this case. Finding no manifest error[3], we affirm.
SCHOTT, J., concurs.

.The judgment against the St. Bernard Parish Sheriffs Office subsequently was annulled for reasons unrelated to this appeal. The judgment against U.S., however, was retained.

. See plaintiffs’ exhibit 16; Trial transcript at 190.

. See Arceneaux v. Dominque, 365 So.2d 1330, 1333 (La.1978); rehearing denied (1979).